I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY (along w/ a blank C.D. habeas petition form) FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 8/13/10

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

AUG 13 2010

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ORTIZ,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>FRANCISCO JACQUEZ, Warden,<br><br>　　　　Respondent. | Case No. CV 10-2745-CJC (RNB)<br><br>ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO AMEND |

The Court is unable to discern from the cross-references in petitioner's First Amended Petition to attached appendices, the cross-references to particular page numbers within those appendices, and the cross-references in some of the appendices to other appendices, or from the headings of some of the appendices that are framed differently from the grounds for relief alleged on pp. 9 and 11, precisely what federal constitutional claims petitioner now is alleging herein (or precisely what the factual basis is for each of those claims).

Moreover, the Court's review of the First Amended Petition reveals that it still suffers from at least some of the same deficiencies as petitioner's original Petition. For example:

　　1.　　To the extent petitioner purports to be alleging an ineffective assistance of appellate counsel in Ground two, it still is

1

unclear to the Court what additional claims petitioner is contending his appellate counsel could have and should have raised on direct appeal. As the Court previously advised petitioner, appellate counsel could not have raised any ineffective assistance of trial counsel claims that would have necessitated consideration of matters outside the record in order to prove the deficient performance prong (e.g., what trial counsel did to prepare for trial; whether a continuance would have served any purpose; what investigation did trial counsel do and what would have been accomplished by further investigation; whether trial counsel had an objectively reasonable rationale for not presenting any expert testimony). See People v. Jenkins, 22 Cal. 4th 900, 952-53, 95 Cal. Rptr. 2d 377, 997 P.2d 1044 (2000), cert. denied, 531 U.S. 1155 (2001). Rather, such ineffective assistance of trial counsel claims could only have been properly raised in a state habeas petition. However, there is no constitutional right to counsel for the purpose of filing a state habeas petition. See Pennsylvania v. Finley, 481 U.S. 551, 556-57, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). Consequently, petitioner is unable to state an ineffective assistance of appellate counsel claim based on the failure to raise claims that could only have been properly raised in a habeas petition. See Wainwright v. Torna, 455 U.S. 586, 587-88, 102 S. Ct. 1300, 71 L. Ed. 2d 475 (1982); Miller v. Keeney, 882 F.2d 1428, 1432 (9th Cir. 1989) ("If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance."); see also Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding" and "[w]ithout such a right, [petitioner] cannot assert a claim for ineffective assistance of counsel").

2. To the extent that petitioner purports to be alleging an "actual innocence" claim in Ground three (and purports to be requesting an evidentiary hearing to establish his "actual innocence"), as the Court previously advised petitioner, under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the AEDPA"), which became effective April 24, 1996, the "clearly established Federal law" that controls federal habeas review of state court decisions consists of holdings (as opposed to dicta) of Supreme Court decisions "as of the time of the relevant state-court decision." See Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); see also Carey v. Musladin, 549 U.S. 70, 74, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006). While the Ninth Circuit noted in Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir.1997) (en banc), cert. denied, 523 U.S. 1133 (1998), that a majority of the Supreme Court Justices in Herrera v. Collins, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) would have supported a claim of free-standing actual innocence, Carriger was not decided under the AEDPA standard of review. See Carriger, 132 F.3d at 473 n.3. Moreover, the Ninth Circuit's parsing of the individual Justices' opinions in Herrera does not qualify as a "holding" of the Supreme Court, for purposes of AEDPA review. In the opinion constituting the opinion of the Court, delivered by the Chief Justice, the Supreme Court stated that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding" (Herrera, 506 U.S. at 400), and that the Supreme Court's body of habeas jurisprudence "makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas

petitioner must pass to have his otherwise barred constitutional claim considered on the merits" (id. at 404). Moreover, in decisions rendered subsequent to Herrera, the Supreme Court has made explicitly clear that the question whether a freestanding claim of actual innocence is cognizable on federal habeas review remains an open one. See District Attorney's Office for Third Judicial Dist. v. Osborne, - U.S. -, 129 S. Ct. 2308, 2321, 174 L. Ed. 2d 38 (2009) (whether federal constitutional right to be released upon proof of "actual innocence" exists "is an open question"); House v. Bell, 547 U.S. 518, 554-55, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (expressly declining to resolve "the question left open in Herrera" whether federal courts may entertain freestanding claims of actual innocence). Accordingly, the Court has no basis for finding or concluding that the California courts' rejection of petitioner's actual innocence claim either was contrary to or involved an unreasonable application of clearly established Supreme Court law. See Brewer v. Hall, 378 F.3d 952, 955 (9th Cir.) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law."), cert. denied, 543 U.S. 1047 (2004); see also Wright v. Van Patten, 552 U.S. 120, 128 S. Ct. 743, 746-47, 169 L. Ed. 2d 583 (2008) (per curiam) ("Because our cases give no clear answer to the question presented, let alone one in [the petitioner's] favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law." (internal quotation marks omitted)); Musladin, 549 U.S. at 77 ("Given the lack of holdings from this Court regarding" the claim, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" (alterations in original)).

3. To the extent that petitioner appears to be contending in Ground three that California's insufficiency of the evidence standard differs from the federal standard, as the Court previously advised petitioner, the California Supreme Court has held that the California standard for determining the sufficiency of evidence to support a conviction is identical to the federal standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). See People v. Johnson, 26 Cal. 3d 557, 576, 162 Cal. Rptr. 431, 606 P.2d 738 (1980). Moreover, for purposes of applying the Jackson standard, a reviewing court may only consider the evidence that was presented at trial to the trier of fact. See Jackson, 443 U.S. at 324 (holding that a defendant is "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt"); see also, e.g., McDaniels v. Brown, - U.S. -, 130 S. Ct. 665, 673-74, 175 L. Ed. 2d 582 (2010) (characterizing as "clearly correct" the respondent's concession that "the 'purpose of a Jackson analysis is to determine whether the jury acted in a rational manner in returning a guilty verdict based on the evidence before it, not whether improper evidence violated due process'"); Herrera, 506 U.S. at 402 ("Jackson does not extend to nonrecord evidence, including newly discovered evidence.").

4. To the extent that petitioner purports to be alleging a prosecutorial misconduct claim in Ground four, it still is unclear to the Court from petitioner's rambling allegations what petitioner contends constituted the alleged misconduct. For example, to the extent that petitioner appears to be claiming that the prosecutor withheld exculpatory impeachment evidence in violation of Brady v. Maryland,

5

373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), as the Court previously advised petitioner, one of the elements of a Brady claim is suppression by the prosecution of the favorable evidence. See Strickler v. Greene, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999); Jackson v. Brown, 513 F.3d 1057, 1071 (9th Cir. 2008). Here, it appears from petitioner's own allegations that the exculpatory impeachment evidence in question was known to defense counsel. Accordingly, the prosecution cannot be found to have suppressed the evidence. See, e.g., United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991) (where defendant has enough information to be able to ascertain the supposed Brady material on his own, there is no suppression); United States v. Dupuy, 760 F.2d 1492, 1502 n.5 (9th Cir. 1985) ("Where defendants . . . had within their knowledge the information by which they could have ascertained the supposed Brady material, there is no suppression by the government.") (citing United States v. Griggs, 713 F.2d 672, 674 (11th Cir. 1983) (alterations in original)).

    5.    To the extent that petitioner purports to be alleging in Ground five that the trial court erred in denying petitioner's new trial motion based on "newly discovered evidence," as the Court previously advised petitioner, such motions are governed by Cal. Penal Code § 1181(8) and that violations of state procedural law do not give rise to a claim cognizable on federal habeas review. See Poland v. Stewart, 169 F.3d 573, 584 (9th Cir.) ("Federal habeas courts lack jurisdiction, however, to review state court applications of state procedural rules."), cert. denied, 528 U.S. 845 (1999). Nor would any attempt by petitioner to characterize this state law abuse of discretion claim as a violation of his federal constitutional right to due process be sufficient to render the

claim cognizable. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.) (holding that a petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process," and that "alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings), cert. denied, 522 U.S. 881 (1997). Finally, under Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005), this Court is bound by the California Court of Appeal's determination that the trial court properly followed California state law in denying petitioner's new trial motion.

For the foregoing reasons, the First Amended Petition is dismissed with leave to amend. If petitioner still desires to pursue this action, he is ORDERED to file a Second Amended Petition rectifying the deficiencies discussed above within thirty (30) days of the date of this Order. The clerk is directed to send petitioner a blank Central District habeas petition form for this purpose.

The Second Amended Petition should reflect the same case number, be clearly labeled "Second Amended Petition," and be filled out completely. In ¶ 7 of the Second Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each such claim. **(If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 7 of the habeas petition form, not include any additional claims, and not cross-reference any other documents.)** If petitioner contends that he exhausted his state remedies in a Petition for Review to the California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If petitioner contends that he exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other

called for information. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date filed (for habeas petitions), the date of decision, and the result. If petitioner has copies of his California Supreme Court petitions, those copies (i.e., complete copies, not just the cover pages) along with copies of the California Supreme Court orders denying those petitions should be attached to the Second Amended Petition as exhibits.[1]

Finally, petitioner is cautioned that his failure to timely file a Second Amended Petition in compliance with this Order will result in a recommendation that the action be dismissed without prejudice for failure to prosecute.

DATED:   August 12, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the Court provided this same instruction when it dismissed petitioner's original Petition with leave to amend, petitioner failed to attach a complete copy of his California Supreme Court habeas petition to the First Amended Petition.